James P. Segall-Gutierrez, SBN 240439
**Law Offices of James P. Segall-Gutierrez**
6709 Greenleaf Avenue
Whittier, California 90601
Telephone:  (562) 321-5950
Facsimile:   (562) 907-3791
Email:        jpsglaw@gmail.com

Attorneys for Plaintiffs,
Daniel Hernandez, Andres Hernandez
Javier Hernandez, Manuel Hernandez,
and Maria De Jesus Hernandez

```
        FILED
CLERK U.S. DISTRICT COURT

    AUG 3 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DANIEL   HERNANDEZ,   ANDRES
HERNANDEZ, JAVIER HERNANDEZ,
MANUEL HERNANDEZ, AND MARIA
DE JESUS HERNANDEZ

        PLAINTIFF,

vs.

CITY OF LOS ANGELES; CITY OF
LOS   ANGELES;   OFFICER
SHARLTON   WAMPLER;   OFFICER
ALFRED GARCIA and DOES 1-25;

        DEFENDANTS.

Case No.:

# CV11-07174 GHK (FFMx)

**COMPLAINT FOR DAMAGES:
CIVIL RIGHTS VIOLATIONS
(42 U.S.C. §1983); STATE LAW
CLAIMS**

**[DEMAND FOR JURY TRIAL]**

## PRELIMINARY STATEMENT

Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ, MANUEL HERNANDEZ, AND MARIA DE JESUS HERNANDEZ, by and through their attorneys, James P. Segall-Gutierrez of the Law Offices of James P. Segall-Gutierrez, for their complaint against the Defendants, jointly and severally:

/ / /

/ / /

## INTRODUCTION

1.   Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ, MANUEL HERNANDEZ, AND MARIA DE JESUS HERNANDEZ (hereafter collectively "PLAINTIFFS") bring this action pursuant to 42 U.S.C. §§1981 and 1983.   PLAINTIFFS allege, *inter alia*, that on the night of August 30, 2009, Defendants WAMPLER, (Badge No. 36135) and GARCIA (Badge No. 32271) (hereinafter sometimes collectively referred to as "SCENE DEFENDANTS"), and DOES 1 through 25, unlawfully entered onto PLAINTIFFS' property and thereafter SCENE DEFENDANTS subjected PLAINTIFFS to an unlawful and warrantless searches of their persons and property, intimidation, assaults, threats, beatings, drowning, torture and humiliation.

2.      PLAINTIFFS allege that on August 30, 2009, they were subjected to a warrant-less trespass to their property by the SCENE DEFENDANTS, to warrant-less searches by those same defendants, by brutal beatings with fists and kicks to Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ, by spraying Plaintiff DANIEL HERNANDEZ with Mace and/or Pepper Spray, by attempting to drown  and suffocate Plaintiff DANIEL HERNANDEZ in Plaintiff's pool after repeated manifestations by Plaintiff DANIEL HERNANDEZ that he could not breathe, and culminating in the wrongful and unlawful arrests of Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ, by the SCENE DEFENDANTS.

3.      Plaintiffs, and all of them, allege that these acts violated their Fourth and Fourteenth Amendment rights to be free from unreasonable searches and unreasonable seizures. Plaintiffs allege that the August 30, 2009, searches, assaults, beatings, drowning, suffocation, and humiliations were motivated by racial animus and also violated rights secured to PLAINTIFFS  by 42 U.S.C. §1981.

4.      PLAINTIFFS, and each of them, further contend the injuries they suffered were a direct result of an unlawful custom and practice maintained by Defendant CITY OF LOS ANGELES which permitted or condoned unlawful searches and seizures,

1  unlawful beatings, and/or threats and acts of violent retaliation.

2  ## JURISDICTION AND VENUE

3  5.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981 and 1983. This

4  court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

5  6.      Venue is proper in the Central District of California.  All acts alleged herein

6  occurred at 148 E. 35th Street, in the City of Los Angeles, California 90011.

7  ## PARTIES

8  7.      PLAINTIFFS, and each of them, are Hispanic residents of Los Angeles,

9  California.  PLAINTIFFS reside at 148 E. 35th Street, in the City of Los Angeles,

10  California  90011.

11  8.      Defendants WAMPLER AND GARCIA, and DOES 1-25, were employed

12  as LOS ANGELES POLICE DEPARTMENT Police Officers at all times material hereto.

13  Said Defendants were acting under color of state law and are sued in their individual

14  capacities.

15  9.      Defendant CITY OF LOS ANGELES is a municipal entity created and

16  authorized under the laws of the State of California.  It is authorized by law to maintain

17  a police department which act as its agent in the area of law enforcement and for

18  which it is ultimately responsible.  The CITY OF LOS ANGELES assumes the risk

19  incidental to the maintenance of its own police force and the employment of police

20  officers as said risk attaches to the public consumers of the services provided by the

21  LOS ANGELES POLICE DEPARTMENT.  At all times herein the Doe Los Angeles

22  Police Department Officers acted and were acting under color of law.

23  10.     At all times relevant herein, each of the individual Defendants herein were

24  acting under the color of state law in the course and scope of their duties and functions

25  as agents, servants, employees and officers of the LOS ANGELES POLICE

26  DEPARTMENT and otherwise performed and engaged in conduct incidental to the

27  performance of their lawful functions in the course of their duties.  They were acting for

28  and on behalf of the LOS ANGELES POLICE DEPARTMENT at all times relevant

1  herein with the power and authority vested in them as officers, agents and employees
2  of the LOS ANGELES POLICE DEPARTMENT and incidental to the lawful pursuit of
3  their duties as officers, employees and agents of the LOS ANGELES POLICE
4  DEPARTMENT.
5      11.   At all times relevant herein, DOES 1 through 10, were police officers,
6  sergeants, captains, commanders, and/or civilian employees, agents and
7  representatives of the LOS ANGELES POLICE DEPARTMENT and employees,
8  agents and representatives of the LOS ANGELES POLICE DEPARTMENT.  At all
9  times relevant hereto, said defendants were acting within the course and scope of their
10 employment as officers, sergeants, captains, commanders, and/or civilian employees
11 of the LOS ANGELES POLICE DEPARTMENT, a department and subdivision of
12 defendant CITY OF LOS ANGELES and at all times were acting with permission and
13 consent of their co-defendants.   Said defendants were specifically authorized by
14 defendant CITY OF LOS ANGELES to perform the duties and responsibilities of sworn
15 police officers, and all acts hereinafter complained of were performed by them within
16 the course and scope of their duties as peace officers and officials for said defendants
17 the CITY OF LOS ANGELES and its police departments.  Said defendants are herein
18 sued in their individual capacities and in their official capacities as police officers,
19 sergeants, captains, commanders, supervisors, policy makers and/or as other officers
20 for the CITY OF LOS ANGELES and their police department.  Said defendants, and
21 each of them, at all times relevant hereto, were acting under color of law, to wit, under
22 the color of the statutes, ordinances, regulations, policies, customs, practices and
23 usages of defendant the CITY OF LOS ANGELES and their police departments, and
24 the State of California.
25     12.   At all times relevant hereto, DOE defendants 11 through 20, inclusive, are
26 and were employees of the LOS ANGELES POLICE DEPARTMENT acting within their
27 capacity as employees, agents and servants of the defendant the CITY OF LOS
28 ANGELES.  Said defendants were at all times alleged herein acting within the course

and scope of that employment and agency, and as duly appointed chief of police, and as the primary policymakers of the LOS ANGELES POLICE DEPARTMENT with the authority to develop, adopt, implement, rescind and abolish all policies, practices, procedures and customs of the LOS ANGELES POLICE DEPARTMENT.

13.    PLAINTIFFS are ignorant of the true names and capacities of defendants sued herein as DOES 21 through 25, inclusive, and therefore sues these defendants by such fictitious names.   PLAINTIFFS will amend this complaint to allege said defendants' true names and capacities when ascertained.   PLAINTIFFS are informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFFS' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

14.    At all times relevant to the present complaint, defendants DOES 1 through 10, inclusive were acting within their capacity as employees, agents, representatives and servants of defendants the CITY OF LOS ANGELES, which are liable under the doctrine of *respondeat superior* pursuant to section 815.2 of the California Government Code.

## FACTS COMMON TO ALL ACTIONS

15.    Plaintiffs allege that on the night of or about August 30, 2009, Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ, and other persons were outside their home located at 148 E. 35th, in the City of Los Angeles, California 90042, and inside the curtilage of their property located at 148 E. 35th, in the City of Los Angeles, California 90042, which is bounded and surrounded by a perimeter fence approximately four to five feet in height.   At approximately 9:00 p.m. on August 30, 2009 the above-described PLAINTIFFS were approached by two Los Angeles Police Officers believed to be WAMPLER AND GARCIA.   Officer WAMPLER looked White/Anglo and the Officer GARCIA looked Hispanic.   These officers immediately entered upon PLAINTIFFS' property, thereby trespassing on PLAINTIFFS'

1   property thereby violating the curtilage, without invitation, probable cause, or a warrant.

2        16.   PLAINTIFFS quickly told these officers that they were trespassing and

3   were not entitled to be on PLAINTIFFS' property and were not welcome, but these

4   officers responded by immediately grappling with Plaintiffs ANDRES HERNANDEZ

5   and JAVIER HERNANDEZ, throwing them to the ground and purportedly searching

6   them, without warrant or probably cause, for guns or drugs.   Plaintiff DANIEL

7   HERNANDEZ, who was watering his lawn at the times the officers trespassed upon his

8   property lost his grip on the water hose at the shock of these officers running into the

9   property and accidentally sprayed a small amount of water on the foot of one of the

10  officers.

11       17.   The officer screamed at Plaintiff DANIEL HERNANDEZ that he had

12  assaulted a police officer and immediately deployed and sprayed mace/pepper in

13  Plaintiff DANIEL HERNANDEZ's face.   Plaintiff DANIEL HERNANDEZ was then

14  blinded by the mace/pepper spray and was pounced on by the SCENE

15  DEFENDANTS, who tackled Plaintiff DANIEL HERNANDEZ, and proceeded to pin his

16  back with their knees and pulled Plaintiff DANIEL HERNANDEZ's arms behind his

17  back. Plaintiff then began to feel sharp blows to his ribs.

18       18.   Plaintiff DANIEL HERNANDEZ was then dragged by the SCENE

19  DEFENDANTS to the children's pool set up in Plaintiffs' yard.   The SCENE

20  DEFENDANTS began forcing Plaintiff DANIEL HERNANDEZ's head and face into the

21  pool which made breathing impossible for him.   The SCENE DEFENDANTS would

22  occasionally let Plaintiff DANIEL HERNANDEZ's head out of the water at which point

23  he informed officers that he could not breathe and was drowning.   In response the

24  SCENE DEFENDANTS laughed, viciously struck plaintiff DANIEL HERNANDEZ's

25  upper back and submerged Plaintiff DANIEL HERNANDEZ's head again.   This

26  attempted drowning was intended by the SCENE DEFENDANTS to place Plaintiff

27  DANIEL HERNANDEZ and the other PLAINTIFFS and bystanders in fear for their lives

28  and to coerce and intimidate them.   Plaintiff DANIEL HERNANDEZ felt like he was

1  drowning and suffocating and thought that he was being told to get up.  He tried to get

2  up and was violently pushed down into the water and suffocated again.  This

3  happened numerous times.

4      19.  At this time, Plaintiffs MANUEL HERNANDEZ and MARIA DE JESUS

5  HERNANDEZ, Plaintiff DANIEL HERNANDEZ's father and mother, came forward in a

6  non-threatenting manner pleading and begging the SCENE DEFENDANTS to not

7  drown their son and to allow him to breath.  The SCENE DEFENDANTS pushed and

8  shoved both Plaintiffs MANUEL HERNANDEZ and MARIA DE JESUS HERNANDEZ

9  into the house telling Plaintiffs MANUEL HERNANDEZ and MARIA DE JESUS

10  HERNANDEZ that they are "the police" and would do "whatever they wanted" to

11  Plaintiff DANIEL HERNANDEZ, and threatened Plaintiffs MANUEL HERNANDEZ and

12  MARIA DE JESUS HERNANDEZ by saying: "It will go better for him [Plaintiff DANIEL

13  HERNANDEZ] if you remain quiet because.  We will do what we need to. You are not

14  going to call or tell anybody.  No one is going to believe you anyway."

15      20.  Defendants WAMPLER's and GARCIA's trespassing on Plaintiffs' property

16  invading the curtilage into the property of PLAINTIFFS' constituted a violation of

17  PLAINTIFFS' State and Federal Constitutional rights in that at the time Defendants

18  WAMPLER's and GARCIA's were acting both separately and in concert, and under

19  color of law. PLAINTIFFS, and all of them, were unarmed and posed no threat or

20  danger to any of the Defendants, any police officer or any other person.  Additionally,

21  WAMPLER and GARCIA attacked Plaintiff DANIEL HERNANDEZ while he was on his

22  own property. The actions of the officers after and the breaking and entering into

23  PLAINTIFFS' property caused extreme fear and anxiety to each PLAINTIFF.

24  Thereafter Plaintiffs DANIEL HERNANDEZ, ANDRES HERNANDEZ, JAVIER

25  HERNANDEZ  were repeatedly kicked, punched and struck throughout their bodies.

26  The punches and kicks to the back, buttocks, ribs, legs and arms of DANIEL

27  HERNANDEZ, ANDRES HERNANDEZ, JAVIER HERNANDEZ had no legitimate

28  purpose other than to torture and humiliate these PLAINTIFFS.   The SCENE

1   DEFENDANTS repeated forcing of Plaintiff DANIEL HERNANDEZ's head under water
2   and drowning and suffocation of Plaintiff DANIEL HERNANDEZ had no legitimate
3   purpose other than to intimidate, torture and humiliate these PLAINTIFFS.   The
4   SCENE DEFENDANTS acted jointly and in concert when they engaged in the beating,
5   shoving, and drowning of PLAINTIFFS as set forth herein. Furthermore immediately
6   thereafter, and subsequently, and continuing to the present date, the SCENE
7   DEFENDANTS and DOE Defendants 30-80 conspired to conceal the truth as to the
8   circumstances under which PLAINTIFFS were beaten, tortured, drowned, threatened,
9   and humiliated.

10     21. The SCENE DEFENDANTS acted without justification and under color of
11   law, entered PLAINTIFFS' property without invitation, cause, or warrant, and
12   threatened MANUEL HERNANDEZ and MARIA DE JESUS HERNANDEZ. The
13   SCENE DEFENDANTS pushed and shoved them and threatened and intimidated
14   plaintiffs MANUEL HERNANDEZ and MARIA DE JESUS HERNANDEZ by telling them
15   that they would arrest and file charges against them and their family if they said
16   anything about the conduct of the police officers. This caused plaintiff MANUEL
17   HERNANDEZ and MARIA DE JESUS HERNANDEZ great fear and apprehension.
18   This act by the SCENE DEFENDANTS were done with the intent to prevent these
19   PLAINTIFFS from asserting their rights as citizens of the United States.

20     22. Plaintiffs further contend that Defendant CITY OF LOS ANGELES is
21   individually, jointly and severally liable for those violations of PLAINTIFFS'
22   constitutional rights, referenced above and below, in that WAMPLER AND GARCIA
23   and the CITY OF LOS ANGLES have:

24     (1) tolerated, condoned and encouraged a pattern of brutality and use of
25   excessive force by members of the LOS ANGLES POLICE DEPARTMENT
26   (hereinafter "LAPD") against LOS ANGELES COUNTY residents and others, in
27   particular residents of the Hispanic community;

28     (2) systematically failed, for many years, to properly and adequately monitor and

13  cover-up of their misconduct. In furtherance of this cover-up, defendants WAMPLER

13  AND GARCIA and DOES 1-25, prepared and filed knowingly false crime and related

14  police reports with the Los Angeles County District Attorneys' office, designed to

15  conceal the misconduct of the officers.

16  24.     Defendants WAMPLER AND GARCIA had no search warrant or

17  permission to enter the curtilage and trespass upon PLAINTIFFS' property. There was

18  no legal justification or excuse for the Defendants' failure to obtain a search warrant

19  prior to breaking into the curtilage.

20  25.     Defendants WAMPLER AND GARCIA stormed the property pushing and

21  pummeling Plaintiffs ANDRES HERNANDEZ and JAVIER HERNANDEZ to the side to

22  gain entrance to the property.

23  26.     Defendants WAMPLER AND GARCIA then searched PLAINTIFFS'

24  persons and outside property home without a warrant, consent, or exigent

25  circumstances.

26  27.     All these acts and omissions took place with the knowledge and

27  acquiescence of supervisors named herein as DOES 6-10.

28  28.     Eventually, after invading the curtilage and PLAINTIFFS' property and

COMPLAINT FOR DAMAGES

1  pushing, seizing, pummeling, terrorizing, beating, drowning, and humiliating
2  PLAINTIFFS for an extended period of time, searched the grounds of PLAINTIFFS'
3  property without probable cause.

4      29.   The search of PLAINTIFFS' residential grounds was unreasonable, *inter*
5  *alia*, because it was conducted in the absence of a search warrant authorizing such a
6  search, in the absence of probable cause and in the absence of exigent circumstances
7  justifying such a search of PLAINTIFFS' persons and their residential grounds.
8  Defendants' conduct was objectively unreasonable and violated the rights of
9  PLAINTIFFS, and each of them, under the Fourth Amendment to the United States
10  Constitution and 42 U.S.C. § 1983. Moreover, the conduct of Defendants WAMPLER
11  AND GARCIA was motivated by racial animus and violated rights secured to
12  PLAINTIFFS by 42 U.S.C. §§ 1981 and 1983 and the Fourteenth Amendment to the
13  United States Constitution. At all times material hereto, Defendants WAMPLER AND
14  GARCIA, and DOES 1-10, acted intentionally, willfully and/or with reckless
15  indifference for the rights of PLAINTIFFS' and each of them. Each Defendant knew or
16  should have known that the search of PLAINTIFFS' persons and grounds violated
17  clearly established Constitutional law.

18      30.   In the manner herein described, the defendants deprived PLAINTIFFS of
19  their right to be free from unreasonable and warrantless searches and seizures, in
20  violation of the Fourth Amendment to the United States Constitution.

21      31.   In the manner herein described, the defendants engaged in extreme and
22  outrageous behavior knowing that it probably would cause PLAINTIFFS to suffer
23  extreme emotional distress.

24      32.   As a proximate result of the defendant's actions described herein,
25  PLAINTIFFS suffered extreme emotional distress.

26      33.   At all times during the events described above, Defendants WAMPLER
27  AND GARCIA and DOES 1-10, were engaged in a joint venture. The individual
28  officers assisted each other in performing the various actions described and lent their

- 10 -
COMPLAINT FOR DAMAGES

physical presence and support and the authority of their office to each other during the said events:

34.     Plaintiffs are informed and believe and thereon allege that Defendants WAMPLER AND GARCIA and DOES 1-10 inclusive, intentionally, negligently and recklessly failed to use proper and established police tactics regarding the entry, detention and de facto arrest of PLAINTIFFS inside their curtilage on their property. Instead said Defendants without regard to PLAINTIFFS' rights recklessly, intentionally and negligently exacerbated and inflamed the incident by using racial epithets, threats and unwarranted interrogation of PLAINTIFFS.

35.     In the days following the break-in, Defendants WAMPLER AND GARCIA and DOES 1-10, orchestrated a cover up of the break-in, assaults, beatings, threats, intimidation, drowning, and suffocation of PLAINTIFFS along with DOES 6-10.

36.     As a direct and proximate result of the said acts of the defendant Officers, PLAINTIFFS suffered the following injuries and damages:

a.     Violation of their constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure of their person;

b.     Loss of their physical liberty;

c.     Physical pain and suffering and emotional trauma and suffering.

37.     The actions of the Defendants WAMPLER AND GARCIA and DOES 1-10, violated the following clearly established and well settled federal constitutional rights of PLAINTIFFS':

a.     Freedom from the unreasonable seizure of their person;

b.     Freedom from the use of excessive, unreasonable and unjustified force against her person.

38.     The actions and the beating described above by Defendants WAMPLER AND GARCIA and DOES 1-5, were the result of the joint and concerted conduct of Defendants WAMPLER AND GARCIA and DOES 1-5, and constituted the use of

1 excessive force against PLAINTIFFS, who had done nothing which could or should

2 have allowed for or permitted the use of force.  As such, the actions of Defendants

3 WAMPLER AND GARCIA and DOES 1-5, were objectively unreasonable and

4 constituted an unreasonable seizure within the meaning of the Fourth and Fourteenth

5 Amendment and consequently, a violation of 42 U.S.C. §1983.

6       39.    PLAINTIFFS' arrests and seizure were a direct and proximate result of the

7 aforementioned violations of rights conferred by the United States Constitution and the

8 wrongful acts and omissions perpetuated by the Defendants WAMPLER AND GARCIA

9 and DOES 1-5, while acting  under color of law and pursuant to customs, policies

10 and/or procedures all in violation of 42 U.S.C. §1983.

11                                    I.

12                   **FIRST COUNT/CAUSE OF ACTION**

13           **VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE**

14              **FROM UNREASONABLE SEARCHES AND SEIZURES**

15        **[AGAINST DEFENDANTS WAMPLER, GARCIA AND DOE DEFENDANTS 1**

16                             **THROUGH 10,]**

17       40.    Plaintiffs, repeat and re-allege each and every allegation contained in the

18 foregoing paragraphs 1 through 39 as though fully set forth herein.

19       41.    This first cause of action is brought under Title 42 U.S.C. §§ 1983, 1985

20 and 1988 and the United States Constitution, the laws of the State of California and

21 common law principles to redress a deprivation under color of state law of rights,

22 privileges and immunities secured to Plaintiffs by said statutes, and by the First,

23 Fourth, and Fourteenth Amendments of the United States Constitution pursuant to 42

24 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States

25 Constitution for the violation of the civil rights of PLAINTIFFS.

26       42.    On August 30, 2009, PLAINTIFFS, possessed the rights, guaranteed by

27 the Fourth and Fourteenth Amendments of the United States Constitution, to be free

28 from unreasonable seizures and excessive force by police officers.

43.   At said time, SCENE DEFENDANTS, and each of them, assaulted, beat, threatened, intimidated, drowned, and suffocated PLAINTIFFS without justification and thereby violated their rights under the Constitution of the United States, in particular the Fourth Amendment of the United States Constitution.

44.   At the time of the beating PLAINTIFFS were unarmed and was not engaged in any assaultive or threatening behavior toward any defendant or any other person or persons.

45.   The beating by defendants was entirely unjustified by any actions of PLAINTIFFS and constituted an unreasonable and excessive use of force.

46.   Said defendants, and each of them, acted specifically with the intent to deprive PLAINTIFFS of the following rights under the United States Constitution:

   a. Freedom from unreasonable seizures, in the form of the use of
   excessive force,

   b. Freedom from a deprivation of liberty without due process of law;

   c. Freedom from summary punishment; and

   d. Right to be provided prompt and timely medical and or other attention
   while under Police Department custody;

47.   After being beaten, tortured and drowned by said defendants, PLAINTIFFS suffered injuries to her person.

48.   After inflicting the injuries and wounds on PLAINTIFFS said defendants deliberately denied prompt and necessary medical attention to PLAINTIFFS thereby also violating her right to due process under the Fourteenth Amendment of the U.S. Constitution.

49.   Said defendants and each of them, subjected PLAINTIFFS to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of their civil rights.

50.   Said defendants, and each of them, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the CITY OF

1   LOS ANGELES along with the Los Angeles Police Department would allow a cover up

2   and allow the continued use of illegal force in violation of the Fourth Amendment of the

3   Constitution of the United States and the laws of the State of California.

4       51.   As a direct and proximate result of the aforementioned acts of said

5   defendants, and each of them, PLAINTIFFS suffered injuries to their bodies.

6       52.   The aforementioned acts of said defendants, and each of them, were

7   willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary

8   and punitive damages as to each of these individual defendants.

9                                           II.

10                       **SECOND COUNT/CAUSE OF ACTION**

11       **FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS**

12        **[AGAINST DEFENDANTS, WAMPLER, GARCIA, AND DOES 1-10,**

13        **INDIVIDUALLY AND AS OFFICERS AND AGENTS OF THE LOS ANGELES**

14                          **POLICE DEPARTMENT.**

15      53.   Plaintiffs repeat and re-allege each and every allegation of the foregoing

16   paragraphs above, as though fully set forth herein.

17      54.   This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth

18   Amendment of the United States Constitution, for violation of the procedural and

19   substantive due process rights of PLAINTIFFS.

20      55.   On August 30, 2009, at the time and place alleged above herein, SCENE

21   DEFENDANTS and DOES 1 through 10, inclusive, were present at the immediate

22   scene of the assaults, beatings, threats, intimidation, drowning, and suffocation, and

23   said defendants were in the position and authority to lawfully intervene in and prevent

24   the unjustified and unwarranted assaults, beating, threats, intimidation, drowning, and

25   suffocation of PLAINTIFFS and were compelled to do so under the laws of the State of

26   California and under the Constitution of the United States of America.

27      56.   At said date and location, in deliberate indifference to the life, health and

28   constitutional rights of PLAINTIFFS, said defendants intentionally and with deliberate

1  indifference to the civil rights of PLAINTIFFS, refrained from intervening in said
2  unlawful seizure and beating and further failed to intervene in the failure to provide
3  medical care to PLAINTIFFS which occurred after the assaults, beating, threats,
4  intimidation, drowning, and suffocation.

5      57.   As a result thereof, PLAINTIFFS were unlawfully and unjustifiably beaten
6  in violation of their rights under the Fourth and Fourteenth Amendments of the
7  Constitution of the United States of America.

8      58.   The aforementioned acts and omissions of the above identified
9  defendants were willful, wanton, malicious and oppressive thereby justifying the
10 awarding of exemplary and punitive damages as to said individual defendants.

11                                   III.

12                    THIRD COUNT/CAUSE OF ACTION

13   MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

14      [AGAINST DEFENDANT CITY OF LOS ANGELES AND DOES 1- 10]

15     59.   Plaintiffs, repeats and re-alleges each and every allegation of the
16 foregoing paragraphs as though fully set forth herein.

17     60.   This action is brought pursuant to 42 U.S.C. §1983 and the Fourth
18 Amendment of the U.S. Constitution.

19     61.   On or before and on August 30, 2009, PLAINTIFFS possessed the right,
20 guaranteed by the Fourth Amendment of the United States Constitution, to be free
21 from unreasonable seizures and excessive force by LAPD officers, and PLAINTIFFS
22 also had the right to be provided with reasonable medical attention while in the custody
23 and control of a police agency such as the LAPD.

24     62.   On said date, SCENE DEFENDANTS, and each of them, acting within the
25 course and scope of their duties as peace officers of the CITY OF LOS ANGELES,
26 deprived PLAINTIFFS of their rights to be free from unreasonable seizures, excessive
27 force, and searches, and to be provided with reasonable medical attention and care,
28 when said defendants unreasonably and without justification assaulted, beat, drowned,

1   and suffocated PLAINTIFFS and intentionally withheld prompt medical attention and/or

2   deliberately denied them emergency medical attention as delineated in detail herein.

3        63.   At the time of these constitutional violations by SCENE DEFENDANTS,

4   the CITY OF LOS ANGELES and DOES 6 through 10, inclusive, had in place, and had

5   ratified, policies, procedures, customs and practices which permitted and encouraged

6   their police officers to unjustifiably, unreasonably and in violation of the Fourth and

7   Fourteenth Amendments use excessive and deadly force against unarmed suspects

8   and citizens. These policies, customs, practices, also called for or permitted the

9   unreasonable or excessive use of force against Latino and minority suspects and

10  citizens.

11       64.   Said policies, procedures, customs and practices also called for the City of

12  LOS ANGELES and their Police Department not to discipline, prosecute, or objectively

13  and/or independently investigate or in any way deal with or respond to known

14  incidents, complaints, of excessive force, wrongful shootings of such persons,

15  falsification of evidence, the preparation of false police reports to justify such wrongful

16  conduct, and the giving of false testimony in trial to cover up and conceal such

17  wrongful conduct by officers of the city of LOS ANGELES Police Departments and for

18  the City of LOS ANGELES to fail to objectively and/or independently investigate or in

19  any way deal with or respond to claims and lawsuits made as a result of such

20  shootings and misconduct.

21       65.   Said policies, procedures, customs and practices called for and led to the

22  refusal of said defendants to investigate complaints of previous incidents of excessive

23  force, of such persons, the filing of false police reports to conceal such misconduct, the

24  falsification of evidence and perjury and, instead, officially claim that such incidents

25  were justified and proper.

26       66.   Said policies, procedures, customs and practices called for said

27  defendants, and each of them, by means of inaction and cover-up, to encourage an

28  atmosphere of lawlessness within the police department and to encourage their police

1  officers to believe that excessive force against suspects, including members of minority

2  groups, was permissible and to believe that unlawful acts of falsification of evidence

3  and perjury would be overlooked without discipline or other official ramifications.

4       67.    Said policies, procedures, customs and practices evidenced a deliberate

5  indifference to the violations of the constitutional rights of the present PLAINTIFFS.

6  This indifference was manifested by the failure to change, correct, revoke, or rescind

7  said policies, procedures, customs and practices in light of prior knowledge by said

8  defendants their of indistinguishably similar incidents, and of falsification of evidence,

9  evidence tampering, submission of false police reports and perjury.

10       68.    Deliberate indifference to the civil rights of minority groups and other

11  victims of LAPD's excessive force was also evidenced by said defendants failure to

12  train or retrain officers in proper, safe and constitutional requirements regarding the

13  provision of medical services to those persons beaten by officers of LAPD. Said

14  defendants knew and were aware of the custom and practice within the LAPD to

15  permit suspects beaten by officers of the LAPD to suffer extreme pain, bleed to death

16  or otherwise die from the lack of medical care after a beating.

17       69.    Deliberate indifference to the civil rights of minority groups and other

18  victims of the LAPD's excessive force and officer involved beatings was also

19  evidenced by said defendants by their ignoring of the history and pattern of prior civil

20  lawsuits alleging civil rights violations and the related payment of judgments to

21  suspects or the families of suspects who were the victims of excessive force.

22       70.    Deliberate indifference to the civil rights of minority groups and other

23  victims of the LAPD's excessive force and officer involved shootings was also

24  evidenced by customs and practices to be in place, that existed in the LAPD. In

25  particular an environment and atmosphere which condoned unjustified and

26  unreasonable police beatings, falsification of evidence, evidence tampering,

27  submission of false police reports, perjury and the cover-up of officer involved

28  beatings.

71.     Deliberate indifference is also evidenced by maintenance of an inadequate system of use of force tracking, government claim/lawsuit tracking, and an independent system of officer discipline.

72.     Deliberate indifference to the civil rights of minority groups and other victims of the LAPD's excessive force and officer involved beatings was also evidenced by the failure to identify and investigate instances of excessive force against suspects, improper use of firearms, falsification of evidence, submission of false police reports and perjury, and by the failure of by said defendants to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly used excessive force against suspects, falsified evidence, tarnpered with evidence, submitted false and misleading police reports, and/or committed perjury.

73.     Other systemic deficiencies of said defendants which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the LAPD include:

a.     the regular and systemic preparation of investigative reports by officers, sergeants, and other supervisors designed to vindicate the use of force and against suspects regardless of whether such force was justified;

b.     the regular and systemic preparation of investigative reports which uncritically rely solely on the word of LAPD police officers involved in the use of force incidents and which systematically fail to credit testimony by non officer witnesses;

c.     the regular and systemic preparation of investigative reports related to incidents involving excessive force which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d.     the regular and systemic issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the use of force;

e.     the regular and systemic failure to objectively and independently review

1   investigative reports by responsible superior officers for accuracy or completeness and
2   acceptance of conclusions which are unwarranted by the evidence of the use of force
3   or which contradict such evidence; and,

4        f.    the regular and systemic failure to maintain centralized department wide
5   system for the tracking and monitoring of the use of excessive force, citizens'
6   complaints, government tort claims, abuse of authority, and race based misconduct by
7   individual officers so as to identify those officers who engage in a pattern of excessive
8   force, abuse of police authority and police misconduct.

9       74.   Said defendants also maintained a system of grossly inadequate training
10  regarding the use of force, and regarding the training for police testimony in trial as
11  well as the collection of evidence, and the preparation of police reports.

12      75.   Deliberate indifference to the civil rights of suspects and other victims of
13  the LAPD's excessive force and officer involved shootings was also evidenced by said
14  defendants' failure to implement an officer discipline system which would conduct
15  meaningful and independent investigations of officer shootings and of citizen
16  complaints of falsified evidence, evidence tampering, authoring and filing of false and
17  misleading police reports, and the presentation of false testimony at trial.

18      76.   The foregoing acts, omissions, and systemic deficiencies are policies and
19  customs of defendant CITY OF LOS ANGELES, and DOES 6 through 10, inclusive,
20  caused defendants DOES 1 through 5, inclusive, to be unaware of, or intentionally
21  overlook and ignore, the rules and laws governing the permissible use of force,
22  including the use of force against suspects, the falsification of evidence or the
23  tampering with evidence, the submission of false police reports and the commission of
24  perjury in a criminal trial.

25      77.   The foregoing acts, omissions, and systemic deficiencies are policies and
26  customs of said defendants and such caused, permitted and/or allowed under official
27  sanction defendants DOES 1 through 5, inclusive, to believe that their use of police
28  force against suspects is entirely within the discretion of the officer and that improper

1   and unlawful use of force, evidence falsification, filing of false and misleading police

2   reports, and the commission of perjury would not be objectively, thoroughly and/or

3   properly investigated, all with the foreseeable result that defendants officers would use

4   deadly force in situations where such force is not necessary, reasonable or legal, and

5   falsify evidence, submit false and misleading police reports, and commit perjury, and

6   thereby violate the civil rights of the citizens of this state with whom said officers would

7   come into contact with.

8         78.   As a result of the aforementioned acts, omissions, systematic deficiencies,

9   policies, procedures, customs and practices of said defendants, PLAINTIFFS were

10   beaten, humiliated and tortured by SCENE DEFENDANTS, DOES I through 5,

11   inclusive, and said SCENE defendants developed and implemented a plan to cover up

12   and threaten PLAINTIFFS with the arrest and filing of criminal charges against them

13   and their sons if they reported the incident to anyone.

14         79.   As a direct and proximate result of the aforementioned acts alleged

15   herein, PLAINTIFFS suffered physical and emotional damages which caused her

16   serious injuries, and was denied prompt and necessary medical attention.

17   <div align="center">**IV.**</div>

18   <div align="center">**FOURTH COUNT/CAUSE OF ACTION**</div>

19   <div align="center">**CONSPIRACY TO CONCEAL THE VIOLATION OF PLAINTIFFS'**</div>

20   <div align="center">**CONSTITUTIONAL RIGHTS**</div>

21   <div align="center">**[AGAINST DEFENDANTS WAMPLER, GARCIA, AND DOE DEFENDANTS 1 -**</div>

22   <div align="center">**10]**</div>

23         80.   Plaintiffs repeat and re-allege each and every allegation above as though

24   fully set forth herein.

25         81.   This action is brought pursuant to 42 U.S.C. §1983 for the violation of

26   PLAINTIFFS' rights under the Fourth and/or Fourteenth Amendments of the United

27   States Constitution.

28         82.   On or about August 30, 2009, at the time and place alleged above herein,

1  SCENE DEFENDANTS, individually and as officers of the LAPD, and each of them,
2  conspired together to act and to fail and omit to act as hereinbefore alleged, for the
3  purpose of impeding, hindering, obstructing, and defeating the due course of justice in
4  the State of California and the County of Los Angeles in the investigation of the
5  assaults, beating, threats, intimidation, drowning, and suffocation of PLAINTIFFS, for
6  the purpose of concealing and covering up constitutional violations alleged above, and
7  for the purpose of denying PLAINTIFFS their Fourth Amendment rights.

8      83.   SCENE DEFENDANTS, and each of them, along with other co
9  conspirators purposefully, under color of law, planned and intended to deny
10  PLAINTIFFS the equal protection of the laws and injure them in the following respects:

11      a.   to deny PLAINTIFFS the right to be free from unreasonable seizures by
12  the infliction of excessive force through an unjustified and unreasonable beating,
13  torture and humiliation intended to inflict physical punishment upon PLAINTIFFS;

14      b.   to deny PLAINTIFFS the right not to be deprived of life and liberty without
15  due process of law;

16      c.   to deny PLAINTIFFS the right against cruel and unusual punishment, and,

17      84.   By virtue of the foregoing, said defendants and two or more of them,
18  conspired for the purpose of depriving PLAINTIFFS equal protection of the laws and of
19  equal protection and immunities under the law; and, preventing and hindering the
20  constituted authorities, including but not limited to the Los Angeles County City
21  Attorney, the Los Angeles County District Attorney, the State of California and the
22  Federal Bureau of Investigation from giving and securing PLAINTIFFS equal protection
23  of the law and preventing deprivation of liberty and property without due process of
24  law.

25      85.   Said defendants, and each of them, did and caused to be done, an act or
26  acts in furtherance of the object of the conspiracy, as enumerated above, whereby
27  PLAINTIFFS were deprived of the rights and privileges as set forth above. These acts
28  included the said defendants fraudulently authoring and filing false police reports in

1  violation of California Penal Code §118.1 to conceal said misconduct/use of excessive

2  force, knowingly approving such false reports, and giving false and deliberately

3  misleading and perjured statements to investigators and preventing PLAINTIFFS from

4  gathering information related to the events for the purpose of concealing information

5  regarding the unlawful and unjustified beatings, assaults, threats, intimidation,

6  drowning, suffocation, and humiliation of PLAINTIFFS.

7       86.    By virtue of the foregoing, said defendants, and each of them, violated the

8  procedural and substantive due process rights of PLAINTIFFS and violated

9  PLAINTIFFS' rights under the Fourteenth Amendment.

10       87.    Notwithstanding the duties owed to PLAINTIFFS, these defendants, and

11  each of them, with deliberate indifference to the constitutional rights of PLAINTIFFS,

12  failed and refused to prevent the wrongs conspired to be committed against them,

13  despite their ability and duty to do so.

14       88.    As a direct and proximate result of the foregoing, PLAINTIFFS have been

15  damaged as recited herein above in, entitling them to special, general and punitive

16  damages and attorneys fees.

17       89.    The aforementioned acts of SCENE DEFENDANTS, was willful, wanton,

18  malicious and oppressive thereby justifying the awarding of exemplary and punitive

19  damages as to said defendants.

20  <center>**V.**</center>

21  <center>**FIFTH COUNT/CAUSE OF ACTION**</center>

22  <center>**NEGLIGENCE**</center>

23  <center>**[AGAINST DEFENDANTS CITY OF LOS ANGELES; WAMPLER, GARCIA**</center>

24  <center>**and DOES 1-25].**</center>

25       90.    PLAINTIFFS repeat, reallege and incorporate each and every allegation of

26  each and every paragraph above as though fully set forth herein.

27       91.    PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and

28  determine this claim.

negligently and carelessly ratify the wrongful and unlawful assaults, beatings, threats, intimidation, drowning, suffocation, and humiliation of PLAINTIFFS by said defendants.

94.    Supervising officer DOE Defendants, were aware of the custom and practice of SCENE DEFENDANTS' assaults, beating, threats, intimidation, drowning, and suffocation without probable cause, the planting and falsification of evidence, the authoring of false and misleading police reports, the destruction of clearly exculpatory evidence, the use of excessive force by SCENE DEFENDANTS and the giving of false and perjured testimony.

95.    Notwithstanding this knowledge, and in the absence of due care, SUPERVISING OFFICER DEFENDANTS authorized the false police reports without questioning POLICE OFFICER DEFENDANTS as to the contents of the report and without further investigating the veracity of the statements contained therein. SUPERVISING OFFICER DEFENDANTS, knew or should have known that said report(s) were false and misleading and that the supporting evidence was false, but failed to take any reasonable measures to reject the reports and to ensure that said reports were not forwarded to the City and District Attorney's office for prosecution.

96.    Defendants CITY OF LOS ANGELES are directly liable and responsible for the acts of SCENE DEFENDANTS, because the and the CITY OF LOS ANGELES failed to adequately supervise, discipline or in any other way control said defendants'

1    exercise of their authority as described herein.

2          97.    Defendant CITY OF LOS ANGELES is directly liable and responsible for

3    the acts of SCENE DEFENDANTS, because said defendant City and supervising

4    officers repeatedly and knowingly and negligently failed to enforce the laws of the

5    State of California and the regulations of said defendants City, and their respective

6    police departments regarding the making of arrests in compliance with the Fourth

7    Amendment, the authoring of police reports which accurately and truthfully represent

8    the facts of an incident, and the planting of evidence, and the giving of perjured

9    testimony, thereby creating within the said police department an atmosphere of

10   lawlessness in which LAPD officers would make author false reports, use excessive

11   force, and give perjured testimony, in the belief that such acts will be condoned and

12   justified by their supervisors, and said defendant City and supervisors therefore were

13   or should have been aware of such unlawful acts and practices prior to and at the time

14   of the events alleged herein.

15         98.    As the actual and proximate result of the acts and omissions of said

16   defendants as described herein, PLAINTIFFS were made to lose their freedom and

17   liberty for the period stated above in violation of the Fourteenth Amendments'

18   procedural and substantive due process guarantees. During said seizure PLAINTIFFS

19   suffered personal and bodily injuries, and during said time they suffered, and continue

20   to suffer, severe emotional and psychological pain, suffering, anxiety, depression,

21   anguish, shock, and fear. Further, PLAINTIFFS have been made to hire medical

22   specialists for treatment and therapy for her injuries.

23         99.    Defendant CITY OF LOS ANGELES and DOES 1-10, inclusive, also were

24   negligent in failing to provide SCENE DEFENDANTS the proper and special training

25   necessary for the duties they could foreseeably be expected to perform in the course

26   of their employment in that SCENE DEFENDANTS received inadequate training in the

27   correct and proper police tactics, arrest procedures, Fourth Amendment search and

28   seizure requirements and report writing. As a direct and proximate result of this failure

causing said PLAINTIFFS the losses and injuries herein complained of.

100. Defendants CITY OF LOS ANGELES and DOES 1-10, inclusive, also negligently hired and retained SCENE DEFENDANTS when it was known or should have been known by defendants CITY OF LOS ANGELES and DOES 1-10, that these officers had on prior occasions falsely authored and submitted false reports regarding said suspects, used excessive force on members of the community, and/or had participated in the concealment and cover up of such police misconduct.

101. Further, said defendants failed to conduct adequate, thorough and meaningful background investigations of SCENE DEFENDANTS which would have disclosed prior acts of misconduct and criminal activity and which would have revealed that said defendants were not suitable candidates for service as police officers.

102. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFFS were made to lose their freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said seizure PLAINTIFFS suffered personal and bodily injuries, and during said time PLAINTIFFS suffered, and continue to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

103. Defendant CITY OF LOS ANGELES are liable via *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees, agents and representatives as alleged in this cause of action.

## VI.

## SIXTH CAUSE OF ACTION

### ASSAULT AND BATTERY

### (AGAINST DEFENDANTS WAMPLER, GARCIA and DOES 1-10, inclusive)

104. PLAINTIFFS repeat, re-allege and incorporate each and every allegation

1    of each and every paragraph above as though fully set forth herein.

2    105. Defendants, and each of them, did the acts and omissions hereinafter

3    alleged in bad faith and with knowledge that their conduct violated well established and

4    settled law.

5    106. PLAINTIFFS timely filed claims against defendants under Government

6    Code ' 910 which were rejected by the CITY OF LOS ANGELES.

7    107. At the date, time and location, described in above, SCENE

8    DEFENDANTS, knowingly and willfully, without provocation, necessity or lawful

9    justification, in violation of California Penal Code Sections 149 and 245, willfully

10    assaulted and battered PLAINTIFFS, as set forth herein.

11    108. As a proximate result of the acts of Defendants, and each of them, as

12    herein alleged, PLAINTIFFS were compelled to expend money all to their damage in

13    an amount according to proof.

14    109. As a proximate result of the acts of Defendants, and each of them,

15    PLAINTIFFS was injured in health, strength and activity, sustaining injuries to her body

16    and shock and injury to their nervous system and person.

17    110. As a further proximate result of the acts of Defendants, and each of them,

18    PLAINTIFFS were required to and did employ physicians for medical examination,

19    treatment and care of injuries, and did incur medical and incidental expenses.

20    PLAINTIFFS did incur and will incur further treatment, the exact amount of which is

21    unknown at this time.

22    111. The acts of Defendants, and each of them, were willful, malicious and

23    oppressive, in conscious disregard of PLAINTIFFS' known rights and thereby justify

24    the awarding of exemplary damages in the sum according to proof.

25    <div align="center">**VII.**</div>

26    <div align="center">**<u>SEVENTH CAUSE OF ACTION</u>**</div>

27    <div align="center">**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</div>

28    <div align="center">**(AGAINST WAMPLER, GARCIA and DOES 1-10, inclusive)**</div>

112.   Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein

113.   On or about August 30, 2009, and thereafter, SCENE DEFENDANTS, and each of them unlawfully seized and attacked PLAINTIFFS without reasonable cause; subjected PLAINTIFFS to excessive and unreasonable force with the intent to inflict harm and injury and, thereafter, intentionally delayed procuring medical care; and conspired among themselves to suppress the true facts concerning the aforesaid incident with the purpose of further harming PLAINTIFFS.

114.   In doing the aforementioned acts, Defendants conduct was intentional, outrageous, malicious, and done for the specific purpose of causing PLAINTIFFS to suffer extreme emotional distress, the indignity of being tortured, beaten and humiliated caused great fear, anxiety, and mental anguish.

115.   As a direct and proximate result of the foregoing, PLAINTIFFS have suffered, and continue to suffer, severe mental, emotional and physical distress and is entitled to and demands against Defendants jointly and severally, as recited above, including, but not limited to general and punitive damages and attorney's fees.

VIII.

**EIGHTH  CAUSE OF ACTION**

**CONSPIRACY**

**(AGAINST ALL DEFENDANTS)**

116.   Plaintiffs refer to and re-plead each and every allegation above and by this reference incorporates the same herein and makes each a part hereof.

117.   Commencing on or about August 30, 2009, and thereafter, SCENE DEFENDANTS and DOES 1-10 agreed, planned and conspired among themselves to cooperate to cause PLAINTIFFS physical, mental and pecuniary harm and carried out their designs by beating and assaulting PLAINTIFFS and conspiring to cover-up the actions of Defendants.

118.   Further, as part and parcel of the conspiracy, Defendants intentionally

mislead and made false statements to the Internal Affairs investigators and supervisors who were conducting an investigation into PLAINTIFFS claims of misconduct, which investigation, if properly conducted, would have exposed Defendants' corrupt plan and resulted in discipline including criminal prosecution of Defendants WAMPLER, GARCIA and DOES 1-10, inclusive.

119.   Defendants acts and omissions as hereinbefore alleged proximately caused PLAINTIFFS significant physical pain and mental anguish.

120. Defendant the CITY OF LOS ANGELES, with reasonable care should have known, that the above described traits of character, practices and propensities of Defendants WAMPLER, GARCIA and DOES 1-10, inclusive, made them unfit to serve as peace officers and were likely to cause harm and injury to members of the public including persons in the custody of said Defendants.

121.   Notwithstanding such knowledge, Defendant the CITY OF LOS ANGELES negligently and carelessly employed, retained and failed to properly supervise, train and control Defendants WAMPLER, GARCIA and DOES 1-10, inclusive, and each of them, as peace officers for the CITY OF LOS ANGELES and assigned said Defendants to duties which enabled each of them to make warrantless arrests, fabricate probable cause and crimes, use excessive, unnecessary and unreasonable force in effecting such arrests, cause the fraudulent and malicious criminal prosecution of innocent citizens while purporting to act under the color of law.

122.   As a proximate result of the negligence and carelessness of defendants, and each of them, PLAINTIFFS suffered severe physical, mental and pecuniary harm, all to the PLAINTIFFS' damage in a sum according to proof.

<div align="center">

**IX.**

**NINTH CAUSE OF ACTION**

**VIOLATION OF STATE CIVIL RIGHTS & CIVIL CODE §51.7**

**(Against Defendants WAMPLER, GARCIA and DOES 1 10, inclusive)**

</div>

123.   Plaintiff refers to and repleads each and every allegation above.

intent to injure PLAINTIFFS thereby, justifying the award of exemplary damages in a sum to be determined according to proof.

**X.**

**TENTH COUNT/CAUSE OF ACTION**

**FALSE IMPRISONMENT**

**[ AGAINST DEFENDANTS CITY OF LOS ANGELES, AND SCENE DEFENDANTS, Individually and as Employees of defendant City of Los Angeles]**

127. Plaintiffs repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

128. PLAINTIFFS invoke the supplemental jurisdiction of this Court to hear and determine this claim.

129. The tortious and intentional acts of SCENE DEFENDANTS above caused PLAINTIFFS to be wrongfully and unjustly imprisoned for the period indicated above.

130. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFFS were made to lose their freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration

1   PLAINTIFFS suffered personal and bodily injuries, and during said time she suffered,

2   and continues to suffer, severe emotional and psychological pain, suffering, anxiety,

3   depression, anguish, shock, and fear. Further, PLAINTIFFS have been made to hire

4   medical specialists for treatment and therapy for her injuries.

5       131.   The aforementioned acts of said defendants was willful, wanton, malicious

6   and oppressive, and knowingly done for the purpose of wrongfully imprisoning

7   PLAINTIFFS thereby justifying the awarding of exemplary and punitive damages as to

8   these defendants.

9       132.   Defendant CITY OF LOS ANGELES is liable in *respondeat superior*

10  pursuant to section 815.2 of the California Government Code for the acts of its

11  employees, agents and representatives as alleged in this cause of action.

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## PRAYER

WHEREFORE, PLAINTIFFS for each and every cause of action above, prays for the following relief, jointly and severally, against all the defendants;

a)    Compensatory general and special damages in an amount in accordance with proof;

b)    Exemplary damages in an amount sufficient to deter and to make an example of the defendants.

c)    Reasonable attorney's fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988.

d)    Costs of suit necessarily incurred herein;

e)    Prejudgment interest according to proof; and

f)    Such further relief as the Court deems just or proper.

DATED: August 29, 2011          Law Offices of James P. Segall-Gutierrez

By_____
        James P. Segall-Gutierrez
        Attorneys for Plaintiffs
        Daniel Hernandez, Andres Hernandez,
        Javier Hernandez, Manuel Hernandez,
        and Maria De Jesus Hernandez

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand that the present matter be set for jury trial.

DATED: August 29, 2011          Law Offices of James P. Segall-Gutierrez

By_____
        James P. Segall-Gutierrez
        Attorneys for Plaintiffs
        Daniel Hernandez, Andres Hernandez,
        Javier Hernandez, Manuel Hernandez,
        and Maria De Jesus Hernandez

- 31 -
COMPLAINT FOR DAMAGES